IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR LUCIO,

    Plaintiff,

v.

JAMES SMITH, and DOES 1–10,

    Defendants.

                                  /

No. C 08-00631 WHA (PR)

**ORDER GRANTING LEAVE TO AMEND AND VACATING HEARING**

## INTRODUCTION

In this Section 1983 prisoner action, plaintiff moves for leave to amend his complaint after the appointment of pro bono counsel. For the reasons stated below, the motion is **GRANTED**. The hearing scheduled for August 23 is **VACATED**.

## STATEMENT

Plaintiff prisoner Victor Lucio filed this Section 1983 action in April 2008 in the Eastern District of California against the following named officials at Kern Valley State Prison: chief dental officer James Smith, dentist Manuel Garcia, and dental assistant Mariana Reyes. Lucio also names ten Doe defendants, identified as the "Medical Appeals Coordinator" and "members of the Medical Committee at KVSP." Lucio alleges that defendants were deliberately indifferent to his serious dental needs. Specifically, Lucio alleges that upon his arrival at KVSP in 2006, he informed defendants about dental issues which required immediate treatment and which were causing him continued pain. He alleges that defendants failed to promptly treat his dental needs and ignored his requests for assistance, resulting in the eventual extraction of two abscessed teeth. Lucio seeks damages and injunctive relief in the form of dental implants.

Proceeding pro se, Lucio filed this action in April 2008. After multiple extensions by both sides, defendants filed a motion to dismiss in June 2010. That motion was denied. Subsequently, the parties filed cross-motion for summary judgment. The summary judgment order denied Lucio's motion for summary judgment, granted defendants' motion for summary judgment as to defendants Garcia and Reyes, and denied defendants' motion as to defendant Smith (Dkt. No. 48). Unsatisfied that he still remained in the action, defendant Smith filed a motion for reconsideration and an interlocutory appeal with the Ninth Circuit. Both attempts to reverse the summary judgment order failed.

In November 2011, Lucio filed a Rule 56(d) motion to conduct more discovery. Since the action had already been pending for three years at that point, Lucio's request was only granted in part with respect to the identity of Doe defendants. A month later, pro bono counsel was found to represent Lucio. After counsel was appointed, a new case management schedule was set, which allowed Lucio (now with counsel) to seek leave to amend his complaint, including the addition of new parties. Lucio timely sought leave to amend his complaint. Smith opposes.

**ANALYSIS**

Our court of appeals in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003), held:

> Generally, Rule 15 advises the court that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." In *Foman*, the Supreme Court offered the following factors a district court should consider in deciding whether to grant leave to amend:
>
> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

Lucio's proposed amended complaint is different from the current complaint in two ways. *First*, Lucio seeks to add nine named defendants: William Kuykendall, Chang Sue Park, Arthur Garbutt, Ossa Syed, John Close, Sharon Zamora, N. Grannis, the California Department of Corrections and Rehabilitation Inmate Appeals Board, Kern Valley State Prison; and add forty unnamed defendants: the CEO/healthcare manager of KVSP (whose name requires further discovery), and Does 11–50. *Second*, Lucio's proposed amended complaint adds a negligence claim and goes into more detail about the facts surrounding his dental treatment.

### 1. GRANTING LEAVE TO FILE HIS AMENDED COMPLAINT.

Although four years have passed since Lucio's original complaint was filed, fairness requires allowing him to amend. Lucio was (and is) incarcerated at KVSP. He only recently obtained pro bono counsel, who was able to conduct discovery and learn the names of previously unidentified Does. There is no evidence that this delay in seeking to add new defendants was done in bad faith. And in fact, Lucio sought leave to file his new complaint within the deadline of the Court's case management scheduling order.

Smith argues that he would be unfairly prejudiced because the amended complaint alleges new theories of liability against him. This argument is unpersuasive. Lucio's proposed amended complaint does not add unforeseeable theories of liability against Smith. The original complaint alleges that Smith, as administrator and chief officer of KVSP's dental services, was responsible for many aspects of Lucio's alleged mistreatment. The original complaint also alleges that Smith was negligent and deliberately indifferent to Lucio's dental needs by failing to implement an adequate dental care system which ultimately led to delayed dental treatment, related pain, and the eventual teeth extraction. The original complaint also alleges that Smith knew of Lucio's condition but took no action.

Lucio's proposed amended complaint does not add unforeseeable theories of liability against Smith. Instead, the proposed complaint only goes into greater detail about the factual assertions against Smith. For example, the proposed amended complaint alleges that Smith's policy decision "caused Plaintiff to suffer . . . raw pain with no form of medication to minimize

3

the degree of pain . . . [because] it was against institutional policy for [medical technical assistants] to provide prisoners with medication without a physician's order."  Again, this is not a new theory of liability because the original complaint already asserted that Smith's policy decisions about KVSP's dental care system ultimately led to delayed dental treatment.  The proposed complaint merely goes into greater detail about why Smith would be liable in his role as administrator and chief officer of KVSP's dental services.  Moreover, Smith is not unfairly prejudiced by the proposed amended complaint because he will have almost a year to prepare another dispositive motion, per the current case management schedule.

Smith also argues that Lucio has not exhausted his administrative remedies.  This argument has already been rejected and is rejected again for the same reasons (Dkt. No. 39 at 6–10).  Therefore, Lucio is granted leave to file his proposed amended complaint.

2.  **STATUTE OF LIMITATIONS FOR CLAIMS AGAINST NEW DEFENDANTS.**

Smith argues that claims against new defendants are barred by statute of limitations because it has been six years since the alleged misconduct occurred in 2006.

In order for proposed amendments naming additional defendants to relate back to date of the original complaint, (1) claim against proposed defendants must have arisen out of conduct set forth in original pleading; (2) proposed defendants received actual or constructive notice of the lawsuit; (3) proposed defendants must or should have known that, but for mistake concerning identity, action would have been brought against it; and (4) second and third requirements must have been fulfilled within prescribed limitations period..  *See G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1502–03 (9th Cir. 1994); *Louisiana-Pacific Corp. v. ASARCO, Inc.*, 5 F.3d 431 (9th Cir. 1993).

The present record and briefing are wholly insufficient to help determine whether the relation-back doctrine applies to Lucio's proposed additional defendants.  Surprisingly, neither side's brief addresses the relation-back doctrine, and there is nothing in the record to determine whether the additional defendants had actual or constructive notice of Lucio's original complaint.  Therefore, after Lucio's proposed amended complaint is filed, new defendants may

file a fresh motion to dismiss based on statute of limitations with a better record.

## CONCLUSION

For the reasons stated, Lucio is **GRANTED** leave to file his proposed amended complaint. This is without prejudice to new defendants filing a fresh motion to dismiss based on statute of limitations. The hearing scheduled for August 23 is **VACATED**.

**IT IS SO ORDERED.**

Dated:  August 20, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5