IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR LUCIO,

    Plaintiff,

  v.

J.A. SMITH, et al.,

    Defendants.
                                 /

No. C 08-00631 WHA (PR)

**ORDER DENYING ENTRY OF DEFAULT AND REQUIRING ANSWER**

      In this Section 1983 prisoner action over prison medical care, plaintiff moves for entry of default against defendant J.A. Smith. The motion is **DENIED**. Plaintiff's alternative request is **GRANTED**: defendant is **ORDERED** to respond to the first amended complaint by **JANUARY 25 AT NOON**.

      Plaintiff argues that default is proper because defendant failed to respond to plaintiff's first amended complaint. Defendant responds that he filed a waiver and that therefore no answer was required. With regard to waiver of reply in a Section 1983 prisoner action, 42 U.S.C. 1997e(g) provides:

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

Plaintiff contends that defendant's waiver is immaterial because the order granting plaintiff leave to file his first amended complaint (Dkt. No. 93) constituted an order *requiring* defendant to reply, and defendant failed to heed this order. Not so. There is no language in docket number 93 directing defendant to do anything. Accordingly, plaintiff's request for entry of default is **DENIED**.

In the alternative, plaintiff requests an order under Section 1997e(g)(2) requiring defendant to file a reply because "plaintiff has a reasonable opportunity to prevail on the merits." A November 19, 2011 order denying summary judgment as to defendant Smith found that there is a "triable issue of fact as to whether [defendant] responded reasonably to plaintiff's dental needs . . . and as to whether [defendant's] policies, or lack thereof, exposed plaintiff's dental health to substantial risk" (Dkt. No. 48 at 14). The order also found that defendant is not entitled to qualified immunity, and that there is a "triable issue of fact as to whether a reasonable medical administrator in [defendant's] position would have known he was violating a clearly established right" (*id.* at 15).

The order denying summary judgment established that plaintiff has a reasonable opportunity to prevail on the merits against defendant Smith. Plaintiff's alternative request is therefore **GRANTED**: defendant Smith shall file an answer to plaintiff's first amended complaint by **JANUARY 25 AT NOON**.

**IT IS SO ORDERED.**

Dated: January 9, 2013.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

2