IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR LUCIO,<br><br>    Plaintiff,<br><br>  v.<br><br>J.A. SMITH, WILLIAM KUYKENDALL, CHANG SUE PARK, ARTHUR GARBUTT, SHARON ZAMORA, OSSA SYED, JOHN CLOSE, N. GRANNIS, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION INMATE APPEALS BOARD, KERN VALLEY STATE PRISON, and DOES 1–150,<br><br>    Defendants.<br>_____ / | No. C 08-00631 WHA<br><br>**ORDER DENYING MOTIONS TO DISMISS, DISMISSING CLAIMS AND PARTIES, GRANTING STIPULATION, AND VACATING HEARING** |

**INTRODUCTION**

In this prisoner civil rights action, plaintiff Victor Lucio filed a complaint against all defendants, alleging: (1) violation of California. Government Code Section 845.6; (2) violation of 42 U.S.C. 1983; and (3) "[n]egligence" (First Amended Compl., Dkt. No. 94 at 2). Defendant J.A. Smith filed a motion to dismiss the first and third claims against him (Dkt. No. 113). Defendants California Department of Corrections and Rehabilitation Inmate Appeals Board ("Board") and Kern Valley State Prison ("KVSP") also filed a joint motion to dismiss (Dkt. No. 130), and a previous order scheduled a hearing for both motions on March 28, 2013 (Dkt. No. 132). Plaintiff has since filed: statements of non-opposition for both motions to dismiss

(Dkt Nos. 133, 134); notice of voluntary dismissal without prejudice of defendants Board and KVSP (Dkt. No. 135); and a stipulation of voluntary dismissal without prejudice of the first and third claims against defendant Smith (Dkt. No. 136).

## ANALYSIS

FRCP 41 allows dismissal by plaintiff without court order if he files "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FRCP 41(a)(1)(A)(i). While defendants Board and KSVP have filed a motion to dismiss before plaintiff filed his notice of dismissal (Dkt. No. 130), our court of appeals has held that motions to dismiss do not preclude voluntary dismissal under FRCP 41(a)(1)(A)(i) and the "[t]he dismissal is effective on filing and no court order is required." *See Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995). Therefore, as of **MARCH 15, 2013**, the claims against defendants Board and KSVP are **DISMISSED WITHOUT PREJUDICE**. Defendants Board and KSVP's motion to dismiss is **DENIED AS MOOT**.

As for defendant Smith, the stipulation of voluntary dismissal without prejudice of the first and third claims against him is **GRANTED**. Since defendant Smith's motion only sought to dismiss the first and third claims, his motion is **DENIED AS MOOT**.

Plaintiff also filed a notice of dismissal without prejudice with respect to defendants Zamora, Syed, Close, and Grannis (Dkt. No. 124). Because these defendants have not filed an answer to plaintiff's first amended complaint or a motion for summary judgment, plaintiff's dismissal with regard to them is also effective on filing. *See Concha*, 62 F.3d at 1506. Therefore, as of **JANUARY 29, 2013**, the claims against defendants Zamora, Syed, Close, and Grannis are **DISMISSED WITHOUT PREJUDICE**. Plaintiff filed another notice of dismissal without prejudice of the first and third claims with respect to defendants Park, Garbutt, and Kuykendall (Dkt. No. 128). Those defendants did file a joint answer (Dkt. No. 129), but it was filed two days after plaintiff's notice. Therefore, as of **FEBRUARY 11, 2013**, the first and third claims against defendants Park, Garbutt, and Kuykendall are **DISMISSED WITHOUT PREJUDICE**.

**CONCLUSION**

To the extent above, defendants' motions to dismiss are **DENIED AS MOOT**. The stipulation of voluntary dismissal without prejudice of the first and third claims against defendant Smith is **GRANTED**. The only claims that remain are the 42 U.S.C. 1983 claims against defendants Smith, Kuykendall, Park, and Garbutt. Presumably, all three claims against Does One through 150 also remain. The hearing on March 28, 2013 is **VACATED**.

**IT IS SO ORDERED.**

Dated: March 21, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE